UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSICA BRUNELLE, an individual; and JONATHAN ADELSTEIN, and individual,<br><br>Plaintiffs,<br><br>v.<br><br>PEACEHEALTH, a Washington nonprofit corporation; and DAVID AXELROD, an individual,<br><br>Defendants. | Case No. 3:22-cv-05499-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Before the Court is Plaintiffs' motion for reconsideration (Dkt. 114) of the Court's order granting in part the Defendants' motions for summary judgment (Dkt. 109). Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1).

Plaintiffs' motion does not meet this standard. Plaintiffs' motion repeats arguments already made in the briefing on the motion for summary judgment and reiterates facts already provided to the court. *See generally* Dkt. 114 at 2–7. Plaintiffs fail to provide new, admissible

ORDER DENYING MOTION FOR RECONSIDERATION - 1

evidence to support Plaintiff Adelstein's argument that he was "blackballed" from PeaceHealth by Defendant Axelrod. *See id.*

Plaintiffs argue that texts from Dr. Bernstein about an opportunity in another PeaceHealth location are admissible. *Id.* at 7–8. They claim that this court erred in determining otherwise. *See id.*; *see also* Dkt. 109 at 38. As the Court explained in its order on the motion for summary judgment, Plaintiff Adelstein's statements about texts from Dr. Bernstein are hearsay; they fail to fall into an applicable hearsay exception or exclusion; and they are being offered for the truth of the matter asserted. Dkt. 109 at 38. Plaintiff Adelstein has not provided any new, admissible evidence of these messages. Nor has he provided new evidence of a concrete opportunity at another PeaceHealth facility. Without admissible evidence of blackballing, Adelstein's claim fails.

Thus, the motion for reconsideration (Dkt. 114) is DENIED.

Dated this 29th day of October, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2